UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:

A.B.A. FIRE EQUIPMENT, INC.,[1]                     Case No. 11-35796-AJC
                                                     Chapter 11
        Debtor.

_____/

In re:

A-1 FIRE EQUIPMENT, CORP.,[2]                       Case No. 11-35798-AJC
                                                     Chapter 11
        Debtor.

_____/

## DEBTORS' *EX PARTE* MOTION FOR JOINT ADMINISTRATION

A.B.A. Fire Equipment, Inc. and A-1 Fire Equipment, Corp. (collectively, the "**Debtors**"), by and through undersigned counsel, and pursuant to Fed.R.Bankr.P. 1015(b) and Local Rules 1015(1)(B), 5005-1(G)(1)(a), and 9013-1(C)(14), file this *ex parte* motion (the "**Motion**") seeking joint administration of their Chapter 11 cases. In support of the Motion, the Debtors respectfully represent as follows:

### I.      Jurisdiction and Venue

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409, as the Debtors are located at 3619 NW 2 Ave, Miami, FL 33127. The Debtors are affiliates of each other as contemplated by 11 U.S.C. § 101(2)(A).

---

[1] The Debtor's current mailing address is 3619 NW 2 Ave, Miami, FL 33127. The Debtor's EIN is 59-1596625.
[2] The Debtor's current mailing address is 3619 NW 2 Ave, Miami, FL 33127. The Debtor's EIN is 59-1590636.

## II.    Background

2.      On the date hereof (the "***Petition Date***"), the Debtors filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code.

3.      The Debtors are operating their businesses and managing their affairs as debtors in possession.  11 U.S.C. §§ 1107(a) and 1108.

4.      The Debtors are Florida corporations that own and operate a closely-held business in the fire protection and electric services industry.  The Debtors have been doing business throughout the state of Florida since the mid-1970's, providing a myriad of fire protection-related products and services to their customers including the following: (i) distribution and installation of fire alarm systems; (ii) 24/7 monitoring and all necessary inspection and service for all major brands of fire alarm systems; (ii) inspection and service of automatic fire suppression systems and fire extinguishers; (iii) inspection and service of fire sprinkler systems and emergency generators; (iv) distribution, installation and service of all major brands of emergency & exit lights and smoke/duct detectors; and (v) fire alarm runner services, as required by existing Miami-Dade County municipal code requirements.  In addition, the Debtors provide fully-licensed electrical contracting services, available 24 hours a day, 7 days a week.

5.      The Debtors operate a single business and are known throughout the industry as one or more of the following:

a)      A.B.A. Fire Equipment, Inc.;
b)      A-1 Fire Equipment, Corp.;
c)      A-1 Fire Equipment;
d)      A-1 Electric Company;
e)      A-1 Fire and Electric Company;
f)      A-1 Fire Equipment Co.;
g)      A-1 Fire & Equipment; and
h)      A-1 Fire and Equipment Inc.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3000 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/5411/5411-1/00961523.DOC.}

6.      The Debtors are affiliates having identical ownership with their principal place of business in Miami-Dade County, Florida.   A-1 Electric Company is a fictitious name co-owned by the Debtors.  A-1 Fire Equipment, A-1 Electric Company, A-1 Fire and Electric Company, A-1 Fire Equipment Co., A-1 Fire & Equipment, and A-1 Fire and Equipment Inc. are d/b/a's and are not themselves incorporated.

7.      The Debtors' website and invoices reflect the names and corporate logos for both Debtors and include the A-1 Electric Company fictitious name and A-1 Fire Equipment Co. or A-1 Fire Equipment Company.

8.      The Debtors operate their business and deposit all receipts (the majority of which are payable to A-1 Fire Equipment Co.) into one single checking account titled "ABA Fire Equipment Inc. dba A1 Fire Equipment dba A1 Electric Co." and make all payments on behalf of both Debtor entities from that same account.

9.      At all times under the current ownership, there has been one business.  A-1 Fire Equipment, Corp. has never maintained any bank account.  A.B.A. Fire Equipment, Inc. pays all payables in the name of A-1 Fire Equipment, Corp. and no party has been prejudiced by so doing.

### III.      Relief Requested

10.      The Debtors respectfully request that this Court enter an order directing the joint administration of the Debtors' Chapter 11 bankruptcy cases for procedural purposes only pursuant to Federal Rule of Bankruptcy Procedure 1015(b) and Local Rule 1015-1.  Specifically, the Debtors request that these cases be jointly administered under the lead case:  A.B.A. Fire Equipment, Inc., Case No. 11-35796-AJC.

## IV.    **Basis for Relief Requested**

11.     Bankruptcy Rule 1015(b) provides in relevant part as follows: "If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Rule 1015 promotes the fair and efficient administration of multiple cases of affiliated debtors, like here, while protecting the rights of individual creditors.[3]

12.     As described above, the Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Joint administration is proper in these cases.  *First*, the issues that will be addressed in the Debtors' bankruptcy cases will be related and overlapping.  Namely, the Debtors are all part of a single, business operating unit.  To that end, each of the Debtors were formed and operated to effectuate a particular aspect of that operating unit.  *Second*, joint administration will result in simplified supervision of the administrative aspects of these Chapter 11 cases by the Office of the United States Trustee.  *Third*, the interests of the Debtors, their estates, and all parties-in-interest would best be served by joint administration of these cases. The Debtors believe that joint administration of these cases will obviate the need for duplicative notices, motions, applications, and hearings, and as such, will save the Debtors considerable time and expense.  Accordingly, there is a sufficient basis to authorize the relief requested.

13.     Pursuant to Local Rule 1015-1(B)(1), the Debtors state that joint administration of their cases will not give rise to any conflict of interest among the estates of the Debtors.  The rights of the respective creditors of the Debtors will not be adversely affected by the joint administration.

---

[3] *See In re GlycoGenesys*, 352 B.R. 568 (Bankr. D.Mass. 2006).

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3000 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/5411/5411-1/00961523.DOC.}

14.    Pursuant to Local Rules 1015-1(C) and 5005-1(G)(1)(a), a proposed order jointly administering the cases and confirming to Local Rule 1015-1(C) is attached as Exhibit A.

WHEREFORE, the Debtors respectfully request entry of an order in the form attached as Exhibit A granting the relief requested herein and granting such other and further relief this Court deems fair and equitable.

Dated: September 19, 2011.

<div style="margin-left:40%">

 s/ Peter D. Russin
Peter D. Russin, Esquire
Florida Bar No. 765902
prussin@melandrussin.com
Jessica L. Wasserstrom, Esquire
Florida Bar No. 985820
jwasserstrom@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3000 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

*Proposed Attorneys for the Debtors in Possession*

</div>

EXHIBIT A – PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:

A.B.A. FIRE EQUIPMENT, INC.,[1]                Case No. 11-35796-AJC
A-1 FIRE EQUIPMENT, CORP.,[2]                  Case No. 11-35798-AJC
                                               Chapter 11
                Debtors.                       Jointly Administered
_____/

**ORDER GRANTING DEBTORS' *EX PARTE***
**MOTION FOR JOINT ADMINISTRATION**

**THIS MATTER** came before the court *ex parte* upon the motion (the "***Motion***") of

A.B.A. Fire Equipment, Inc. and A-1 Fire Equipment, Corp. (collectively, the "***Debtors***")

seeking joint administration of their chapter 11 cases pursuant to Bankruptcy Rule 1015 and

Local Rule 1015-1(B)(2)(a).  The Court finds that (i) it has jurisdiction over the matters raised in

the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28

U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtors,

---

[1] The Debtor's current mailing address is 3619 NW 2 Ave, Miami, FL 33127.  The Debtor's EIN is 59-1596625.
[2] The Debtor's current mailing address is 3619 NW 2 Ave, Miami, FL 33127.  The Debtor's EIN is 59-1590636.

their estates and their creditors; and (iv) pursuant to Local Rules 1015-1(B)(2) and 9013-1(C)(14), the Court is authorized to grant the Motion without a hearing.  Accordingly it is

**ORDERED AND ADJUDGED** as follows:

1.      The Motion is **GRANTED**.

2.      These above-captioned bankruptcy cases shall be jointly administered for procedural purposes only under Case No. 11-35796-AJC (the "***Lead Case***").

3.      A single case docket and court file will be maintained hereafter under the Lead Case number, and one consolidated service list shall be maintained by the Debtors and kept by the Clerk.

4.      Hearings in these jointly administered cases shall be joint hearings unless otherwise specified.

5.      Pleadings filed in other than the Lead Case shall be captioned  under the Lead Case name and case number followed by the words "(***Jointly Administered***)" and beneath that caption, the case names and numbers for the cases in which the document is being filed.  Claims filed shall indicate only the case name and number of the case in which the claim is asserted. Separate claims files and claims registers shall be maintained for each case.  Unless otherwise ordered by the Court, ballots shall be styled and filed only in the case name and number of the member case for which the plan being voted on was filed.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

6.     The Debtors in Possession will not commingle assets or liabilities unless and until it is determined, after notice and hearing, that these cases involve the same debtor or that another ground exists to order substantive consolidation of these cases.

7.     The Court retains jurisdiction with respect to all matters arising from or related to this implementation or interpretation of this Order.

<div align="center">###</div>

**Submitted By:**
Peter D. Russin, Esquire
Florida Bar No. 765902
prussin@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
Proposed Attorneys for Debtors in Possession
3000 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone:     (305) 358-6363
Telefax:        (305) 358-1221

**Copies Furnished To:**
Peter D. Russin, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.