UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:

A.B.A. FIRE EQUIPMENT, INC.,[1]         Case No. 11-35796-AJC
A-1 FIRE EQUIPMENT, CORP.,[2]        Case No. 11-35798-AJC
                                                   Chapter 11
       Debtors.                   Jointly Administered
_____/

### CHAPTER 11 CASE MANAGEMENT SUMMARY

In compliance with Local Rule 2081-1(B), A.B.A. Fire Equipment, Inc. ("*ABA*") and A-1 Fire Equipment, Corp. ("*A1*") (collectively, the "***Debtors***"), by and through undersigned counsel, file this Chapter 11 Case Management Summary and state:

The following data represents approximations for background information only and the information may represent the Debtors' best estimate in response to some of the ensuing questions.

1.      Date of Order for Relief under chapter 11 (filing date of petition if voluntary chapter 11 petition): **September 19, 2011.**

2.      Names, case numbers and dates of filing of related debtors: **see caption above.**

3.      Description of the Debtors' business: **The Debtors are Florida corporations formed on June 6, 1975 and April 9, 1987, respectively. The Debtors operate a single business and are known throughout the industry as one or more of the following:**

         a)      **A.B.A. Fire Equipment, Inc.;**
         b)      **A-1 Fire Equipment, Corp.;**
         c)      **A-1 Fire Equipment;**
         d)      **A-1 Electric Company;**

---

[1] The Debtor's current mailing address is 3619 NW 2 Ave, Miami, FL 33127. The Debtor's EIN is 59-1596625.
[2] The Debtor's current mailing address is 3619 NW 2 Ave, Miami, FL 33127. The Debtor's EIN is 59-1590636.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3000 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 • TELEPHONE (305) 358-6363
{Firm Clients/5411/5411-1/00960622.DOC.}

      e)      A-1 Fire and Electric Company;
      f)      A-1 Fire Equipment Co.;
      g)      A-1 Fire & Equipment; and
      h)      A-1 Fire and Equipment Inc. (collectively, the "*Debtors.*")

The Debtors own and operate a closely-held business in the fire protection and electric services industry. The Debtors have been doing business throughout the state of Florida since the mid-1970's, providing a myriad of fire protection-related products and services to their customers including the following: (i) distribution and installation of fire alarm systems; (ii) 24/7 monitoring and all necessary inspection and service for all major brands of fire alarm systems; (ii) inspection and service of automatic fire suppression systems and fire extinguishers; (iii) inspection and service of fire sprinkler systems and emergency generators; (iv) distribution, installation and service of all major brands of emergency & exit lights and smoke/duct detectors; and (v) fire alarm runner services, as required by existing Miami-Dade County municipal code requirements. In addition, the Debtors provide fully-licensed electrical contracting services, available 24 hours a day, 7 days a week.

    4.    Locations of Debtors' operations and whether the business premises are leased or owned: **The Debtors conduct their business operations from the following locations, each of which are leased commercial space:**

      a)      Miami Corporate Office: 3619 and 3634 NW 2 Ave, Miami, FL 33127,
      b)      Boynton Beach Office: 3489 High Ridge Rd, Boynton Beach, FL 33426; and
      c)      Marco Island Office: at 994 N Barfield Dr Unit #32, Marco Island, FL 34145.

    5.    Reasons for filing chapter 11: **The Debtors have been adversely affected by the general economic downturn, which recently culminated in the commencement of a foreclosure action by the Debtors' prepetition lender. Accordingly, the filings were**

**necessitated by the need to stay the pending foreclosure action and related collection efforts by the lender, as well as to facilitate the proposed sale of the Debtors' assets and operations pursuant to applicable provisions of the Bankruptcy Code, or, alternatively, to restructure the Debtors' indebtedness and reorganize for the benefit of the Debtors' estates.**

6. List of officers and directors of the Debtors, and their salaries and benefits at the time of filing and during the 1 year prior to filing:

    a) Earl Speigel is the President, and an owner holding 15.8333% of the issued and outstanding common stock of each of the Debtors. Up until January 1, 2011, he was receiving a salary of $3,104.50 weekly, which was then reduced to $2,483.60 weekly. In addition, he also drives a company vehicle, receives car and health insurance from the Debtors, and is eligible to receive a bonus based on certain EBIT performance standards.

    b) Howard Pearson is the Vice President/Treasurer, and an owner holding 15.8333% of the issued and outstanding common stock of each of the Debtors. Up until January 1, 2011, he was receiving a salary of $3,104.50 weekly, which was then reduced to $2,483.60 weekly. In addition, he also drives a company vehicle, receives car and health insurance from the Debtors, and is eligible to receive a bonus based on certain EBIT performance standards.

    c) Randy Meland is the Vice President/Secretary, and an owner holding 15.8333% of the issued and outstanding common stock of each of the Debtors. Up until January 1, 2011, he was receiving a salary of $2,337.00 weekly, which was then reduced to $1,869.60 weekly. In addition, he also drives a company vehicle and receives car and health insurance from the Debtors.

    d) Everett David Price is the Vice President, and an owner holding 5% of the issued and outstanding common stock of each of the Debtors. Up until January 1, 2011, he was receiving a salary of $3,288.85 weekly, which was then reduced to $2,631.08 weekly. In addition, he also drives a company vehicle and receives car and health insurance from the Debtors.

7. The Debtors' fiscal or calendar year to date gross income and the Debtors' gross income for the calendar or fiscal year prior to the filing of this petition:

    a) **Gross income for 2011 through August 31: $2.6m;**

b) **Gross income in 2010: $10.1m.**[3]

8. Amounts owed to various creditors:

a) Obligations owed to priority creditors including priority tax obligations:

   i) Additionally, the IRS has the following Federal Tax Liens:

| Filing No. | Date Filed | Kind of Tax | Tax Period | Balance |
|---|---|---|---|---|
| 11FLR0003072 | 2/21/2011 | 1120 | 12/31/2009 | $75,387.05 |
| 11FLR0003072 | 2/21/2011 | 941 | 9/30/2010 | $100,236.74 |
| 11FLR0008158 | 5/5/2011 | 941 | 12/31/2010 | $157,439.56 |
| 11FLR0010476 | 6/15/2011 | 940 | 12/31/2010 | $824.90 |
| 11FLR0012355 | 7/26/2011 | 941 | 3/31/2011 | $74,686.66 |
|  |  |  |  | $408,574.91 |

   ii) **Further, the State of Florida Department of Revenue has a judicial lien in the amount of $25,096.39 for outstanding and unpaid sales taxes.**

b) With respect to creditors asserting secured claims, the name of and amounts owed to such creditors and a description and estimated value of all collateral of the Debtors securing their claims:

   i) As of the Petition Date, the Debtors owe to JPMorgan Chase Bank, NA ("*Chase*") the approximate amount of $1,352,478, together with unliquidated and disputed accrued interest, late fees, costs, attorney's fees, and other expenses. In addition, the Debtors have guaranteed an additional approximate amount of $1,171,332 to Chase relating to certain promissory notes of two affiliated entities that own the property from which they operate. Chase has (i) a blanket lien on the Debtors' personal property including all inventory, chattel paper, accounts and general intangibles, all proceeds relating thereto including insurance and other accounts proceeds, and (ii) liens on two buildings owned by certain affiliates of the Debtors (collectively, the "*Chase Collateral*"), by virtue of a Security Agreement, UCC-1 Financing Statements and certain mortgages. The approximate value of the Chase Collateral is $4,202,000.00 subject to appraisal, with other personal property with values unknown.

---

[3] All income of the Debtors is received, and reported, by ABA.

ii) As of the Petition Date, the Debtors owe De Lage Landen Financial Services Inc. an undetermined amount for the financing of one Fujitsu 5530 7405XDC1871, including all components, additions, upgrades, attachments, accessions, substitutions, replacement and proceeds of the foregoing, the value of which is undetermined.

iii) As of the Petition Date, the Debtors owe GreatAmerica Leasing Corp. an undetermined amount for the financing of one Inter-Tel 5000 Telephone System and all products, proceeds and attachments, the value of which is undetermined.

iv) As of the Petition Date, the Debtors owe Wells Fargo Financial Leasing, Inc. an undetermined amount for the financing of Docuware System Software with Fujitsu Scanner 004291 and all existing and future accessions, accessories, attachments, replacements, replacement parts, additions, substitutions and repairs thereto, software programs embedded therein, and all proceeds (cash and non-cash), including the proceeds of all insurance policies, thereof, the value of which is undetermined.

v) As of the Petition Date, the Debtors owe Metro Ford an undetermined amount for the financing of three 2008 Ford F150's and one 2008 Ford Escape, the values of which are undetermined.

c) Unsecured claims: **The total amount of unsecured claims is undetermined at this time, but is not anticipated to exceed $1 million.**

9. General description and approximate value of the Debtors' assets:

a) Real Property: **none.**

b) Personal Property:

i) Cash of approx. $24,429.00;
ii) Inventory of approx. $403,000.00;
iii) Accounts receivable of approx. $1,500,000.00;
iv) Office furniture, fixtures, equipment of approx. $134,693.00;
v) Vehicles of approx. $65,768.00; and
vi) with other personal property with values unknown.

10. List of all insurance policies, the property covered under the policy, the name of the insurer, the policy number, amount of coverage, whether the premium is current, the date the next premium is due and date the policy expires: **see Certificates of Insurance attached.**

11. Number of employees and amounts of wages owed as of petition date: **As of the Petition Date, the Debtors employ a total of 73 employees who are owed, collectively, approximately $270,000.**

12. Status of debtor's payroll and sales tax obligations: **As set forth in paragraph 8 above, the Debtors currently have approximately $408,574.91 in outstanding federal payroll tax obligations and $25,096.39 in outstanding sales taxes.**

13. Anticipated emergency relief to be requested within 14 days from the petition date:

   a) Debtors' Emergency Motion Pursuant to U.S.C. §§ 361, 362, 363, 364, 542 and 552 and Fed. R. Bankr. P. 4001, 6003 and 9014 for Authorization to (I) Obtain Postpetition Financing on a Senior Secured Basis; (II) Use Cash Collateral; (III) Compel Turnover of Estate Property; and (IV) Grant Adequate Protection;

   b) Debtors' Emergency Motion for Authorization to (I) Pay Certain Prepetition Employee Obligations and Maintain and Continue Employee Benefits and Programs; and (II) for Banks and Other Financial Institutions to Honor and Process Checks and to Honor Transfers Related to Such Obligations; and

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

  c)  **Application of the Debtors for Entry of an Order, on an Interim and Final Basis, Authorizing the Employment and Retention of Meland Russin & Budwick, P.A. as Attorneys for the Debtors and Debtors in Possession *Nunc Pro Tunc* to the Petition Date.[4]**

Dated: September 19, 2011.    A.B.A. Fire Equipment, Inc.
               a Florida corporation

              By:  s/Earl Speigel (e-filed with consent)
                  Earl Speigel, President


              A-1 Fire Equipment, Corp.
              a Florida corporation

              By:  s/Earl Speigel (e-filed with consent)
                  Earl Speigel, President


              E-filed by:
              s/ Peter D. Russin
              Peter D. Russin, Esquire
              Florida Bar No. 765902
              prussin@melandrussin.com
              Jessica L. Wasserstrom, Esquire
              Florida Bar No. 985820
              jwasserstrom@melandrussin.com
              MELAND RUSSIN & BUDWICK, P.A.
              3000 Southeast Financial Center
              200 South Biscayne Boulevard
              Miami, Florida 33131
              Telephone: (305) 358-6363
              Telecopy: (305) 358-1221

LF-93 (12/01/09)         *Proposed Attorneys for the Debtors in Possession*

---

[4] In the instant proceeding, relief from the 21 day moratorium established by Fed. R. Bankr.P. 6003 is necessary to avoid immediate and irreparable harm. The Debtors' application to retain bankruptcy counsel must be addressed before the expiration of 21 days after the petition date, so that all parties concerned are made aware of a certain connections and so the Court can confirm that, in fact, proposed counsel is disinterested and such retention can commence. Attached to the retention application are proposed orders approving the retention on an interim basis as well as on a final basis, so that any disclosures can be made as early as possible.