

**ORDERED in the Southern District of Florida on September 26, 2011.**

_____
A. Jay Cristol, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:

A.B.A. FIRE EQUIPMENT, INC.,[1]      Case No. 11-35796-AJC
A-1 FIRE EQUIPMENT, CORP.,[2]        Case No. 11-35798-AJC
                                     Chapter 11
    Debtors.                         Jointly Administered
_____/

**AMENDED INTERIM ORDER GRANTING DEBTORS' EMERGENCY MOTION PURSUANT TO 11 U.S.C. §§ 361, 362, 363, 542 AND 552 AND FED. R. BANKR. P. 4001, 6003 AND 9014 FOR AN ORDER (I) AUTHORIZING USE OF CASH COLLATERAL; (II) COMPELLING TURNOVER OF ESTATE PROPERTY; AND (III) GRANTING ADEQUATE PROTECTION[3]**

**THIS MATTER** came before the court on September 21, 2011 at 12:15 p.m., upon the

Debtors' Emergency Motion Pursuant to 11 U.S.C. §§ 361, 362, 363, 542 and 552 and Fed. R.

---

[1] The Debtor's current mailing address is 3619 NW 2 Ave, Miami, FL 33127. The Debtor's EIN is 59-1596625.
[2] The Debtor's current mailing address is 3619 NW 2 Ave, Miami, FL 33127. The Debtor's EIN is 59-1590636.
[3] Amended solely to (i) remove the prohibition on payment of insider wages and other compensation; (ii) increase the adequate protection payments to Chase (as defined herein) from $2,000 to $10,000 per paragraph 9 below; and (iii) cancel as moot the status conference previously set relating to the foregoing in the original interim order [ECF No. 23], all per the Debtors' agreement with Chase.

1

Bankr. P. 4001, 6003, and 9014, for an Order (i) Authorizing Use of Cash Collateral;[4] (ii) Compelling Turnover of Estate Property; and (iii) Granting Adequate Protection [ECF No. 14] (the "*Motion*"). The Court having reviewed the Motion and having heard the statements of counsel in support of the relief requested in the Motion at the hearing before the Court (the "*Hearing*"); and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue is proper before this Court pursuant to 28 U.S.C. § 1408; (c) this matter is core pursuant to 28 U.S.C. § 157(b)(2); (d) notice of the Motion and the Hearing was sufficient under the circumstances; and (e) the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein, it is accordingly:

**ORDERED AND ADJUDGED** as follows:

1. The Motion is **GRANTED** as set forth herein.

2. <u>Use of Cash Collateral</u>. The Debtors are authorized, through and including October 20, 2011 (the "*Interim Period*"), to use cash collateral as defined in Section 363(a) of the Bankruptcy Code to pay for the operating expenses and costs of administration incurred by the Debtors in accordance with the budget attached hereto as <u>Exhibit A</u> (the "*Budget*"). The Debtors shall not exceed any line item on the Budget by an amount exceeding five percent (5%) of each such line item; *provided, however*, that the Debtors may make payments up to ten percent (10%) in excess of the total budgeted expenses for that month in the Budget so long as actual disbursements do not exceed one hundred and ten percent (110%) of the budgeted total expenses for such month of the Budget (collectively, the "*Allowed Variance*"). In the event that an expense arises which is not within any of the approved line items in the Budget, or the

---

[4] All capitalized terms utilized but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

2

Debtors anticipate that any line item will need to be exceeded by more than the Allowed Variance, the Debtors shall request approval from Chase and Chase shall have three (3) business days within which to provide consent or object. In the event that Chase does not consent, the Debtors shall file a motion with the Court seeking amendment of the Budget and approval of the additional expense. Notwithstanding anything to the Contrary in this Order, no Debtors' Professionals' Carveout payments (including but not limited to those for the Debtors' attorneys) shall be made without prior notice, hearing, and approval of this Court. Further, in the event there is a Creditors' Committee appointed in this bankruptcy case, such Creditors' Committee shall negotiate any Professional Fees' Carveout with Chase directly, as such fees are not included in the Debtors' Professionals' Carveout.

   3. <u>Turnover of Estate Property</u>: To the extent that any monies are received by Chase from and after the Petition Date from the Debtors' vendors or customers, or otherwise on account of the Debtors' accounts receivable or any other property of the Debtors' estates, such funds constitute property of the Debtors' estates pursuant to section 542 of the Bankruptcy Code and Chase shall be required to immediately turnover any and all such funds to the Debtors. In addition, within five (5) business days of entry of this Order, Chase shall send a letter to all parties to whom Chase previously sent a letter demanding collection of accounts stating that all remittances from and after the Petition Date should now be made to the Debtors. Failure to do either of the foregoing may constitute a willful violation of the automatic stay pursuant to section 362(a) of the Bankruptcy Code and shall be subject to appropriate sanctions.

   4. <u>Replacement Liens as Adequate Protection to Secured Creditor Chase</u>: Notwithstanding the provisions of Section 552(a) of the Bankruptcy Code, and in addition to the security interests preserved by Section 552(b) of the Bankruptcy Code, the Debtors grant, in

favor of Chase and as security for all indebtedness that is owed by the Debtors to Chase, under its loan documentation, but only to the extent that Chase's cash collateral is used by the Debtor, a first priority post-petition security interest and lien in, to and against all of the Debtors' assets, to the same priority, validity and extent that Chase held a properly perfected pre-petition security interest in such assets, which are or have been acquired, generated or received by the Debtors subsequent to the Petition Date (the "***Postpetition Collateral***").  Under no circumstance shall Chase have a lien on any of the Debtors' assets upon which it did not have a right to pre-petition. The security interests granted in this Order are deemed perfected without the necessity for filing or execution of documents which might otherwise be required under non-bankruptcy law for the perfection of said security interests. The Postpetition Collateral excludes all proceeds of property recovered or transfers avoided by or on behalf of the Debtors, its estate or any subsequently appointed trustee, pursuant to sections 544 through 550, inclusive, of the Bankruptcy Code.

5. For the Interim Period, Chase is deemed to be adequately protected by the granting of a replacement lien as set forth in this Order, in addition to any additional security it may have with respect to the indebtedness owed to it; provided, however, that, to the extent that the foregoing is not sufficient to adequately protect Chase, it is entitled to a priority claim for such shortfall in accordance with Section 507(b).

6. Notwithstanding the above or anything to the contrary on this Order, the finding that Chase's interests are adequately protected for the Interim Period is without prejudice to the rights of Chase to seek modification of the adequate protection provided in this Order (and without prejudice to the rights of the Debtors or any party in interest to contest any such modification), without prejudice to any other matter pertaining to the claims and liens of Chase.

7. <u>No Novation</u>: This Order shall not cause a novation of any of Chase's secured documentation.

8. <u>Creditor Not Deemed Owner or Operator</u>: Solely by agreeing to the use of cash collateral by the Debtors, Chase shall not be deemed to have assumed any liability to any third person, and shall not be deemed to be in control of the operations of the Debtors or to be acting as a "responsible person" or "owner or operator" with respect to the operation or management of the Debtors or of its assets.

9. <u>Adequate Protection Payments</u>: As additional adequate protection, the Debtors shall make adequate protection payments to Chase in the amount of $10,000.00 per month.

10. <u>Non-Waiver of Rights and Remedies</u>: This Order is not intended to and shall not prejudice, alter, affect or waive any rights and/or remedies of the Debtors or Chase (with respect to liens, claims, value determinations, and all other matters) under the Bankruptcy Code or applicable non-bankruptcy law (including, but not limited to, all matters pertaining to cash and other collateral) and does not bind any subsequently appointed trustee or committee.

11. <u>Duration</u>: The provisions of this Order shall remain in effect until the earlier of October 20, 2011, entry of any order dismissing this case, the granting of stay relief in favor of Chase, or by consent and agreement of Chase, or the entry of any order by the Court extending the use of cash collateral.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

12. <u>Status Conference</u>. The status conference on the Debtors' use of cash collateral to pay the wages and other compensation of "insiders" as defined in section 101(31) of the Bankruptcy Code previously scheduled for September 27, 2011 at 3:15 p.m. is hereby cancelled as moot.

13. <u>Further Hearing</u>: This Court shall hold a final hearing on the Debtors' use of cash collateral on October 20, 2011, at 11:30 a.m. at the United States Bankruptcy Courthouse, Claude Pepper Federal Building, 51 SW First Ave, Courtroom 1410, Miami, FL 33130.

###

**Submitted By:**
Peter D. Russin, Esquire
Florida Bar No. 765902
prussin@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
Proposed Counsel for Debtors in Possession
3000 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone:    (305) 358-6363
Telefax:      (305) 358-1221

**Copies Furnished To:**
Peter D. Russin, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.


EXHIBIT A

| | Sep-11 | Oct-11 | Nov-11 | Dec-11 | Jan-12 | Feb-12 |
|---|---|---|---|---|---|---|
| Cash on Hand (beginning of month) | 20,028 | 44,548 | 46,193 | 52,713 | -66,767 | -52,747 |
| Projected receipts | 530,000 | 530,000 | 530,000 | 530,000 | 530,000 | 530,000 |
| Total Cash Available (before expenses) | 550,028 | 574,548 | 576,193 | 582,713 | 463,233 | 477,253 |
| **Expenses** | | | | | | |
| Materials | 80,000 | 80,000 | 80,000 | 80,000 | 80,000 | 80,000 |
| Payroll Cost (net checks, admin fee's, tax, etc.) | 280,000 | 280,000 | 280,000 | 420,000 | 280,000 | 280,000 |
| Office Equip Leases | 1,750 | 1,750 | 1,750 | 1,750 | 1,750 | 1,750 |
| Repairs & maintenance | 2,030 | 2,030 | 2,030 | 2,030 | 2,030 | 2,030 |
| Vehicle Expense | 50,000 | 50,000 | 50,000 | 50,000 | 50,000 | 50,000 |
| Accounting & legal (other) | 900 | 900 | 900 | 900 | 900 | 900 |
| Legal for petition | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 |
| Telephone | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 |
| Utilities | 1,800 | 1,800 | 1,800 | 1,800 | 1,800 | 1,800 |
| Insurance | 43,500 | 43,500 | 43,500 | 29,500 | 29,500 | 41,700 |
| Taxes (real estate, Sales, etc.) | | 18,000 | 18,000 | 18,000 | 18,000 | 18,000 |
| Interest | 500 | 500 | 500 | 500 | 500 | 500 |
| Chase Adequate Protection | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 |
| UST Fees | | 4,875 | | | 6,500 | |
| | | | | | | |
| Total Expenses | 505,480 | 528,355 | 523,480 | 649,480 | 515,980 | 521,680 |
| Closing Balance | 44,548 | 46,193 | 52,713 | -66,767 | -52,747 | -44,427 |